[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
According to the defendant, Allstate Insurance Company, the plaintiff, Marie DelGreco was injured in a car accident in 1992. The defendant paid $5,000.00 in "no-fault benefits" to the plaintiff. The plaintiff then collected $20,000.00 in available coverage from the tortfeasor and "reimbursed Allstate two-thirds of the no-fault payment from the liability settlement." Defendant's Memorandum, p. 1. The plaintiff now seeks to recover damages from the defendant pursuant to the underinsured motorist provisions of the plaintiff's insurance policy.
The issue presented by the present motion is whether the defendant insurance carrier is entitled to a set-off or credit for the full amount it has paid to the plaintiff in the form of basic reparations benefits against any underinsured motorist benefits it may be required to pay to the plaintiff pursuant to the plaintiff's policy. The plaintiff claims that the set-off is limited to two-thirds of the no-fault payments. The defendant claims that it is entitled to a credit for all no-fault payments made to the plaintiff without regard to a deduction for attorney's fees. The defendant relies in part on Dugas v.Lumbermens Mutual Casualty Co., 217 Conn. 631, 587 A.2d 415
(1991). CT Page 5123-KKK
General Statutes § 38a-369(b) (formerly § 38-325(b)) provided in pertinent part: "Whenever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator or occupant of a private passenger motor vehicle . . ., the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid, minus an amountwhich represents the insurer's contribution toward attorney'sfees for the collection of basic reparations benefits." (Emphasis added.). The motivation behind § 38a-369(b) "was the legislature's concern that it was unfair to allow an insurer to benefit from damage awards obtained by an insured party from a tortfeasor without requiring the carrier to bear some of the legal costs incurred in effecting that recovery." Dugas v.Lumbermens Mutual Casualty Co., supra, 217 Conn. 644-45. Therefore, pursuant to § 38a-369(b), when an insurer seeks reimbursement from the plaintiff's tort recovery for the amount paid as basic reparations benefits, the amount to which the insurer is entitled is reduced by an amount that represents the insurer's contribution toward attorney's fees. Section 38a-369 was repealed effective January 1, 1994. See Public Acts 1993, No. 93-297, §§ 28 and 29. Nevertheless, the accident in the present case occurred in 1992, prior to the repeal of the statute, and thus § 38a-369 would apply to the present case.
Section 38a-334-6(d)(3) of the Regulations of Connecticut State Agencies, which applies to uninsured motorist coverage, provides in pertinent part: "The policy may also provide that any direct indemnity for medical expense paid or payable under the policy or any amount of any basic reparations benefits paid or payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment." Therefore, pursuant to § 38a-334-6(d)(3), an insurer may provide in the insurance policy for a reduction of its obligation to pay uninsured motorist benefits for the full amount that the insurer has paid as basic reparations benefits. Section38a-334-6(d)(3) "does not provide for a deduction for attorney's fees from the reimbursement for reparations benefits out of uninsured motorist benefits payable to the insured by his own insurer." Dugas v. Lumbermens Mutual Casualty Co., supra,217 Conn. 639.
In Dugas v. Lumbermens Mutual Casualty Co., supra, 217 Conn. 633, CT Page 5123-LLL the court considered the issue of "whether, in calculating the amount due an insured from uninsured motorist coverage, the insurer may deduct the entire amount of reparations benefits previously paid to the insured, or whether the deduction for previously paid reparations benefits must be reduced to reflect the insurer's contribution to attorney's fees incurred by the insured in effecting a recovery from the tortfeasor." The court noted that it was within the insurer's control whether to seek reimbursement from either the plaintiff's tort recovery under General Statutes § 38a-369(b), which required a setoff for attorney's fees, or from underinsured motorist benefits pursuant to § 38a-334-6(d)(3) of the Regulations of Connecticut State Agencies, which does not require a setoff. Id., 646 n. 16. The defendant sought reimbursement from underinsured motorist benefits pursuant to § 38a-334-6(d)(3), which the defendant argued does not require a setoff for attorney's fees. The court stated that "[i]t is also clear that had the defendant sought reimbursement pursuant to § 38-325(b) [§ 38a-369(b)], it would have recovered only two thirds of the reparations benefits because the statute reduces the reimbursement to reflect the attorney's fees incurred by the insured in recovering from the tortfeasor." Id., 633-34 n. 1. Despite the setoff for attorney's fees in General Statutes § 38a-369(b), the court concluded that § 38a-334-6(d)(3) "does not provide for the setting off of attorney's fees against the reimbursement of reparations benefits from uninsured or underinsured motorist recoveries," and remanded the case back to the trial court directing the court to reinstate the arbitration award in favor of the defendant. Id., 647-48.
The court in Dugas left unresolved the situation in the present case in which the insurer has been reimbursed for the basic reparations benefits, less the one-third attorney's fee, under § 38a-369(b) and then a claim for underinsured motorist benefits is made. See J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorists Coverage, § 6.5, pp. 229-30 (1993) ("It is not clear from the Dugas decision if monies had been expended as `legal fees' pursuant to the no-fault reimbursement statute whether such fees are subsequently deductible in the uninsured motorist setting."). Based on the holding in Dugas, however, where an insurer pays underinsured motorist benefits, § 38a-334-6(d)(3) allows the insurer to deduct the full amount of basic reparations benefits paid and "does not provide for setting off of attorney's fees against the reimbursement." Dugas v. Lumbermens Mutual Casualty Co., supra, CT Page 5123-MMM217 Conn. 647. "It was never intended that basic reparations and uninsured motorist benefits should be supplementary, since payment of one reduces the other pro tanto." Bobeck v. PublicService Mutual Ins. Co., 38 Conn. Sup. 318, 322, 445 A.2d 602
(App. Sess. 1981). The defendant has provided for such a reduction in the policy issued to the plaintiff. See Defendant's Memorandum, Exhibit A. In the present case, however, it appears from the defendant's memorandum that the defendant has already been reimbursed for two-thirds of the basic reparations benefits (approximately $3,333.33) from the plaintiff's tort recovery under § 38a-369(b). Accordingly, the defendant, in calculating the amount due to the plaintiff under the underinsured motorist provisions of the policy, is entitled to deduct the remaining one-third of basic reparations benefits (approximately $1,666.67) pursuant to § 38a-334-6(d)(3).
Donald W. Celotto State Trial Referee